**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TONIA O'NEIL,
    an individual,

        Plaintiff,

V

CITY OF DETROIT
a municipal corporation,

JEREMY NEWSON,
City of Detroit Police Officer,
Individually, and in his Official Capacities,

JOHN DOE OFFICER,
City of Detroit Police Officer,
Individually, and in his Official Capacities,

        Defendants.

Case No.
Hon.

**COMPLAINT AND JURY**
**DEMAND**

---

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, Tonia O'Neil, by and through her attorney, and for

her Complaint against Defendants she states as follows:

1

**JURISDICTION AND VENUE**

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred within Wayne County, Michigan.

**PARTIES**

5. Plaintiff, Tonia O'Neil (hereinafter "PLAINTIFF"), is a resident of the State of Michigan.

6. Defendant, City of Detroit (hereinafter "DEFENDANT DETROIT"), is a municipal corporation organized under the laws of the State of Michigan and is responsible for the customs, policies, practices, supervision, training, and discipline of the Detroit Police Department and its officers.

7. Defendant, Officer Jeremy Newson, (hereinafter "DEFENDANT NEWSON"), was at all relevant times employed as a Detroit police officer acting under color of state law and within the course and scope of his employment.

2

8. Defendant Officer John Doe, (hereinafter "DEFENDANT JOHN DOE"), was at all relevant times employed as a Detroit police officer acting under color of state law and within the course and scope of his employment.

9. At all relevant times, DEFENDANTS acted under color of state law and within the course and scope of their employment and authority.

## FACTUAL ALLEGATIONS

10. On August 10, 2025, at approximately 10:38 p.m., PLAINTIFF was at her husband's barbershop located at 15716 W. Seven Mile Road, Detroit, Michigan 48235.

11. Earlier that evening, a nearby event hosted by the Henry Ford High School Alumni Association had taken place in the surrounding area.

12. PLAINTIFF completed locking the barbershop and was standing outside with family members and others present near the business.

13. PLAINTIFF's stepson, Rimmon O'Neil, Jr., (hereinafter "O'Neil Jr.,"), walked his girlfriend to her vehicle parked nearby.

14. While near the vehicle, O'Neil Jr., encountered many Detroit Police Officers.

15. One of the Police Officers assaulted O'Neil Jr., by pushing him in the face.

16. After walking his girlfriend to her vehicle, O'Neil Jr., returned to the barbershop and informed PLAINTIFF and others about what had occurred during the interaction with the Police Officers.

3

17. While O'Neil Jr., was explaining the interaction, police officers walked past the group and then O'Neil Jr., identified the Police Officer involved in the earlier confrontation, and words were exchanged.

18. PLAINTIFF attempted to calm and de-escalate O'Neil Jr., before the Police Officer approached the group.

19. Rather than de-escalate, Detroit Police Officer Steven Anouti confronted O'Neil Jr.

20. During their encounter, O'Neil Jr., punched Officer Steven Anouti.

21. The situation then rapidly escalated into the violent encounter described below.

22. More than ten Detroit Police Officers swarmed the area and physically attacked anyone that was in front of the barber shop, and any civilians present at the scene.

23. During the chaos, PLAINTIFF and her husband were violently knocked to the ground despite them both trying to de-escalate the matter. (See Exhibit 1, Video of Incident) *

24. PLAINTIFF was positioned behind her husband when Detroit Police officers forced her husband to the ground. As the officers pinned her husband down, PLAINTIFF became trapped between her husband's body and the concrete pavement.

4

*The entire incident was captured on video.

25. PLAINTIFF screamed for help while the Police Officers continued applying force.

26. DEFENDANT NEWSON then grabbed PLAINTIFF by her legs, and pulled her across the concrete pavement.

27. PLAINTIFF's knees, elbows, and other parts of her body scraped against the concrete pavement as she was pulled.

28. DEFENDANT NEWSON then shoved PLAINTIFF into a parked vehicle with such force that PLAINTIFF's neck snapped backward upon impact.

29. PLAINTIFF became dazed and disoriented from the impact after being thrown into the vehicle.

30. While PLAINTIFF remained dazed, disoriented, and defenseless, DEFENDANT JOHN DOE sprayed PLAINTIFF directly in the face with pepper spray, which further shocked and jolted her from her disoriented state.

31. PLAINTIFF immediately experienced intense burning in her eyes, blurred vision, difficulty breathing, and an inability to see clearly.

32. DEFENDANT NEWSON then grabbed PLAINTIFF as she attempted to tell DEFENDANT NEWSON that her eyes were burning from the pepper spray and that her entire body was in pain from the shove into the vehicle.

33. DEFENDANT NEWSON disregarded PLAINTIFF's concerns regarding her eyes and body pain.

34. DEFENDANT NEWSON pushed PLAINTIFF to the ground, placed his knee in her back, placed her arms behind her back, and tightly handcuffed PLAINTIFF.

35. The handcuffs caused PLAINTIFF substantial pain and swelling.

36. PLAINTIFF remained handcuffed and unlawfully detained for an extended period of time.

37. PLAINTIFF did not commit any crime justifying the force used against her or her detention.

38. PLAINTIFF was not resisting officers, attempting to flee, or posing any immediate threat to officer safety.

39. According to the police report authored by DEFENDANT NEWSON, DEFENDANT NEWSON stated that PLAINTIFF was "kicking and pushing officers as they tried to safely disarm Mr. Oneil and take him into custody," that she "attempt[ed] to interfere and get between the officers," and that she pushed DEFENDANT NEWSON while he was partially blinded by pepper spray, resulting in DEFENDANT NEWSON placing PLAINTIFF in handcuffs and issuing her a ticket for interfering with police (See Exhibit 2, Police Report).

40. Criminal charges were initiated against PLAINTIFF despite the absence of probable cause and despite PLAINTIFF not engaging in criminal conduct.

41.    As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF sustained serious physical injuries including multiple concussions, neck injuries, back injuries, internal bruising, wrist swelling, abrasions, breathing difficulties, burning eyes, blurred vision, and other bodily injuries.



42.    PLAINTIFF has also suffered severe emotional distress, humiliation, anxiety, trauma, sleeplessness, mental anguish, and continuing psychological injuries as a result of DEFENDANTS' conduct.

43.    PLAINTIFF continues to experience physical pain and emotional suffering stemming from the incident.

## COUNT I
## EXCESSIVE FORCE
## 42 U.S.C. § 1983
## (ALL DEFENDANTS)

44.   PLAINTIFF incorporates by reference the above paragraphs.

45.   DEFENDANTS used force against PLAINTIFF that was objectively unreasonable under the circumstances.

46.   PLAINTIFF was not actively resisting arrest, attempting to flee, or posing an immediate threat sufficient to justify the level of force used against her.

47.   DEFENDANT NEWSON pulled PLAINTIFF across concrete pavement, slammed her into a vehicle, and DEFENDANT JOHN DOE then pepper sprayed her despite the absence of any immediate threat, resistance, or lawful justification.

48.   DEFENDANT NEWSON then shoved PLAINTIFF to the ground, placed his knee in her back, placed her arms behind her back, and tightly handcuffed PLAINTIFF.

49.   The force used against PLAINTIFF violated her rights under the Fourth Amendment to the United States Constitution.

50.   As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered damages that are listed in Paragraphs 41 and 42.

## COUNT II
## FALSE ARREST AND FALSE IMPRISONMENT
## 42 U.S.C. § 1983
## (DEFENDANT DETROIT AND DEFENDANT NEWSON)

51.   PLAINTIFF incorporates by reference the above paragraphs.

52.   DEFENDANT NEWSON intentionally seized, detained, restrained, arrested, and imprisoned PLAINTIFF.

53.   DEFENDANT NEWSON lacked probable cause or lawful justification to seize, arrest, or detain PLAINTIFF.

54.   PLAINTIFF had a clearly established constitutional right under the Fourth Amendment to be free from unreasonable seizures and arrests unsupported by probable cause.

55.   PLAINTIFF was aware of and harmed by the confinement imposed by DEFENDANT NEWSON.

56.   PLAINTIFF did not consent to the confinement.

57.   DEFENDANT NEWSON acted under color of state law.

58.   As a direct and proximate result of DEFENDANT NEWSON's conduct, PLAINTIFF suffered damages that are listed in Paragraphs 41 and 42.

## COUNT III
## MALICIOUS PROSECUTION
## 42 U.S.C. § 1983
## (DEFENDANT NEWSON)

59.   PLAINTIFF incorporates by reference the above paragraphs.

9

60. DEFENDANT NEWSON initiated or caused criminal proceedings to be initiated against PLAINTIFF.

61. DEFENDANT NEWSON lacked probable cause to initiate criminal charges against PLAINTIFF.

62. DEFENDANT NEWSON acted maliciously and/or with reckless disregard for PLAINTIFF's constitutional rights.

63. PLAINTIFF suffered a deprivation of liberty as a result of the criminal proceedings.

64. The criminal proceedings were terminated in PLAINTIFF's favor when the criminal case was dismissed after the witness DEFENDANT NEWSON failed to appear for trial.

65. As a direct and proximate result of DEFENDANT NEWSON's conduct, PLAINTIFF suffered damages that are listed in Paragraphs 41 and 42.

**COUNT IV**
**FAILURE TO INTERVENE**
**42 U.S.C. § 1983**
**(DEFENDANT NEWSON)**

66. PLAINTIFF incorporates by reference the above paragraphs.

67. DEFENDANT NEWSON was present during the unconstitutional conduct committed against PLAINTIFF, more specifically when DEFENDANT JOHN DOE pepper sprayed PLAINTIFF without lawful justification.

68. DEFENDANT NEWSON observed or had reason to know that unconstitutional force and unlawful conduct was being committed against PLAINTIFF.

69. DEFENDANT NEWSON had sufficient time and opportunity to prevent or stop the unconstitutional conduct but failed to intervene.

70. As a direct and proximate result of DEFENDANT NEWSON's conduct, PLAINTIFF suffered damages that are listed in paragraphs 41 and 42.

**COUNT V**
**DEFAMATION PER SE**
**(DEFENDANT NEWSON)**

71. PLAINTIFF incorporates by reference all preceding paragraphs as though fully set forth herein.

72. DEFENDANT NEWSON authored and/or caused to be published a Detroit Police Department report concerning the incident involving PLAINTIFF.

73. In that report, DEFENDANT NEWSON stated that PLAINTIFF interfered with officers, attempted to get between officers, pushed DEFENDANT NEWSON, and kicked and pushed officers while officers attempted to detain and disarm another individual.

74. DEFENDANT NEWSON further stated that PLAINTIFF's alleged conduct resulted in PLAINTIFF being placed in handcuffs and issued a ticket for Interfering with Police.

75. The statements made by DEFENDANT NEWSON were false.

76. DEFENDANT NEWSON'S statements falsely accused PLAINTIFF of criminal conduct, including interfering with police, obstructing officers, pushing officers, and engaging in assaultive or resistive behavior toward police officers.

77. These statements constitute defamation per se because the statements allege criminal conduct by PLAINTIFF.

78. Criminal accusations are inherently harmful to a person's reputation because they naturally tend to expose the accused person to public contempt, shame, distrust, ridicule, and injury in the community.

79. The false statements were published to other members of the Detroit Police Department, prosecuting authorities, court personnel, and/or other third parties.

80. DEFENDANT NEWSON made the false statements negligently, recklessly, knowingly, and/or with actual malice because DEFENDANT NEWSON knew or should have known that PLAINTIFF did not commit the criminal conduct described in the report.

81. As a direct and proximate result of DEFENDANT NEWSON's false statements, PLAINTIFF suffered reputational harm, humiliation, embarrassment, emotional distress, mental anguish, and other damages.

12

82.  Damages are presumed where the defamatory statements constitute defamation per se.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (ALL DEFENDANTS)

83.  PLAINTIFF incorporates by reference the above paragraphs.

84.  DEFENDANTS engaged in extreme and outrageous conduct that exceeded all possible bounds of decency.

85.  DEFENDANTS intentionally or recklessly caused PLAINTIFF severe emotional distress.

86.  DEFENDANTS' conduct included violently assaulting PLAINTIFF, spraying her with pepper spray, pulling her across the concrete pavement, tightly handcuffing her while she pleaded in pain, unlawfully detaining her despite her lack of resistance, and finally charging her criminally.

87.  As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered severe emotional distress including humiliation, anxiety, trauma, sleeplessness, fear, and mental anguish.

## COUNT VII
## MONELL LIABILITY AGAINST DEFENDANT DETROIT
## 42 U.S.C. § 1983
## (DEFENDANT DETROIT)

88.  PLAINTIFF incorporates by reference the above paragraphs.

13

89.   DEFENDANT DETROIT maintained unconstitutional customs, policies, practices, and failures in training, supervision, discipline, and intervention that caused the constitutional violations suffered by PLAINTIFF.

90.   DEFENDANT DETROIT failed to adequately train and supervise officers regarding constitutional limitations on the use of force, de-escalation, arrests, intervention obligations, and treatment of civilians during police encounters.

91.   Prior to the incident involving PLAINTIFF, DEFENDANT DETROIT was on notice of recurring allegations of excessive force, unlawful seizures, aggressive escalation tactics, retaliatory policing, and failures to intervene involving Detroit police officers.

92.   DEFENDANT DETROIT has failed to adequately train, supervise, discipline, monitor, or correct officer misconduct.

93.   The unconstitutional conduct committed against PLAINTIFF was the direct and foreseeable result of the customs, policies, practices, and deliberate indifference of DEFENDANT DETROIT.

94.   As a direct and proximate result of DEFENDANT DETROIT's conduct, PLAINTIFF suffered injuries and damages that are listed in paragraphs 41 and 42.

WHEREFORE, PLAINTIFFS respectfully requests that this Honorable Court enter judgment in their favor and against DEFENDANTS in the amount of $10,000,000 (Ten-million dollars):

A. Compensatory damages;
B. Exemplary damages;
C. Attorney fees and costs pursuant to 42 U.S.C. § 1988;
D. Pre-judgment and post-judgment interest;
E. Such other and further relief as this Court deems just and proper.

Dated: July 13, 2026                    Respectfully Submitted,

/s/Ivan L. Land
Ivan L. Land (P65879)
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd., Suite 210
Oak Park, MI  48237-1267
248.968.4545 / (f) 248.968.4540
ill4law@aol.com
**Attorney for PLAINTIFF**

15

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TONIA O'NEIL,
     an individual,

         Plaintiff,

V

CITY OF DETROIT
a municipal corporation,

JEREMY NEWSON,
City of Detroit Police Officer,
Individually, and in his Official Capacities,

JOHN DOE OFFICER,
City of Detroit Police Officer,
Individually, and in his Official Capacities,

         Defendants.

Case No.
Hon.

---

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff hereby demands a trial by jury.

Dated: July 13, 2026

Respectfully Submitted,

/s/Ivan L. Land
Ivan L. Land (P65879)
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd., Suite 210
Oak Park, MI  48237-1267
248.968.4545 / (f) 248.968.4540
ill4law@aol.com
**Attorney for PLAINTIFF**

16